UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WALKER and SUE WALKER ) | |
| ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No. 2:09-cv-00720 |
| ) | |
| v. ) | |
| ) | |
| ROCK-TENN CONVERTING ) | |
| COMPANY, INC., F/K/A ROCK-TENN ) | |
| COMPANY; HR XCEL, LLC ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

Come now Plaintiffs, John Walker ('Johnny') and Sue Walker ('Sue'), in the above-styled cause and allege as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Employee Retirement Income and Security Act ("ERISA").

2. Jurisdiction is based on ERISA, 29 U.S.C. §1132(e) in that Plaintiffs seek to enforce their right to health care benefits under the Defendant Rock-Tenn's group health care plan and to clarify their rights to health care benefits under the terms of the Plan.

3. The Court has personal jurisdiction over Defendants because they systematically and continuously transact business here.

4. Venue is proper in this district pursuant to 29 U.S.C. §1132(e) because the breach took place here.

5.	Upon filing this complaint, Plaintiffs will cause it to be served upon the Secretary of Labor and Secretary of Treasury, as required by 29 U.S.C. §1132(h).

## PARTIES

6.	Plaintiffs, John and Sue Walker, are husband and wife and are individual residents of Marengo County, Alabama.  John was an employee Rock-Tenn, which upon information and belief, is now known as Rock-Tenn Converting Company Inc.  As an employee, Walker was a participant under the Rock-Tenn group health plan which provided coverage for both himself and his wife Sue.  Plaintiffs bring this action to recover benefits due them under the Plan.  Plaintiffs have standing to bring this action pursuant to 29 U.S.C. §1132(a).

7.	Defendant Rock-Tenn Converting Company, Inc., F/K/A Rock-Tenn Company is, upon information and belief, a Georgia corporation actively conducting business in Marengo County, Alabama.

8.	Defendant HR XCEL, LLC is, on information and belief, a Georgia corporation with its principal place of business in Charlotte, North Carolina.  HR XCEL is the plan administrator for the Rock-Tenn group health plan.

## FACTS

9.	John Walker was a long time employee of Rock-Tenn working at its Demopolis, Alabama, site in Marengo County, Alabama, prior to June 2007.

10.	John and Sue Walker had health insurance with Blue Cross Blue Shield of Georgia ('BCBS-GA') through the Rock-Tenn group health care plan.

11.	On or about June 20, 2006, John suffered a non work related disabling injury which was immediately made known to his employer Rock-Tenn.  This is a "qualifying event" under

COBRA.

12. A year after his injury, on or around June 21, 2007, John was terminated from Rock-Tenn Company due to his disabling injury.

13. John's disability was determined under Social Security to occur as of June 20, 2006.

14. Shortly after his termination, John and Sue applied for COBRA health benefits effective July 1, 2007.

15. Rock-Tenn's COBRA continuation coverage rights state that a maximum of twenty-nine (29) months of coverage is available if the qualifying beneficiary is disabled.

16. John Walker was a qualified beneficiary under Rock-Tenn's health plan and was terminated because of his disability.

17. On or about December 12, 2008, approximately eighteen (18) months after his COBRA benefits began, John and Sue Walker received a letter from Blue Cross Blue Shield of Georgia stating that their monthly premiums were increasing effective January 1, 2009.

18. In early January 2009, John and Sue paid their scheduled health insurance premiums which were accepted and retained.

19. Sue Walker was diagnosed with breast cancer on or about January 9, 2009.

20. In February 2009 John and Sue again paid their health insurance premiums as usual.

21. On or about February 11, 2009 Sue had surgery for breast cancer and then began radiation treatments, submitting her insurance card to confirm medical insurance coverage.

22. Three days later, on or about February 14, 2009, John and Sue received notice from Blue Cross Blue Shield of Georgia which stated that they had a right to continue health coverage without evidence of insurability.

23. Five days later, on or about February 18, 2009, one month's premium of John and Sue's health insurance premium was returned to them.

24. On or about February 24, 2009 defendant HR XCEL wrote John and Sue a letter stating that their health benefits under the Health Benefit Continuation Plan was terminated at 11:59 p.m. on December 31, 2008.

25. The day HR XCEL's letter arrived, John called Blue Cross Blue Shield of Georgia and requested that the coverage be continued because he had been, and was still, disabled and entitled to an additional eleven (11) months of COBRA coverage. Agents of Blue Cross Blue Shield of Georgia told John that the group plan was a Georgia plan and that there were no conversion plans available such that he would need to get continued coverage through Blue Cross Blue Shield of Alabama.

26. That same day John called Blue Cross Blue Shield of Alabama as instructed in order to continue his health insurance coverage and was told that as long as he could be covered under his group health care plan, he could not apply for individual coverage through Blue Cross Blue Shield of Alabama. Since John was disabled and was able to secure eleven (11) additional months of COBRA benefits from his group plan, he was told he and his family could not apply for individual coverage.

27. On or about March 2, 2009, John informed HR XCEL via fax that he wanted to continue COBRA benefits and sent additional formal notice of disability which he had obtained through Social Security.

28. By March 4, 2009, a 63-day gap in coverage had occurred since the termination date of December 31, 2008 which was claimed by HR XCEL. Such a gap in coverage precludes John or

Sue from getting individual medical insurance free of preexisting conditions and without proof of insurability. *See* 29 U.S.C. Section 1181©)(2).

29. The next week John again called HR XCEL to get the status on his health benefit plan and was told that a supervisor would have to make the decision whether benefits under the plan would be extended.

30. On or about March 24, 2009 John called HR XCEL and was told that Amy Tensi, COBRA/FSA Manager at HR XCEL, had denied continuation of health coverage for him and Sue.

31. The defendants have refused to pay the medical bills and charges incurred for Sue's cancer surgery and subsequent treatment.

32. Rock-Tenn knew that John was disabled prior to his termination on June 21, 2007 and, in fact, terminated him because of his disability.

**ERISA VIOLATION**

33. Defendants Rock-Tenn and HR XCEL are fiduciaries as defined by ERISA.

34. Rock-Tenn and HR XCEL as ERISA fiduciaries are required by law to act in the best interest of the plan participants and conduct plan affairs in a fiduciary capacity.

35. Rock-Tenn and HR XCEL have breached the fiduciary duties each owed to plaintiffs under 29 U.S.C. Section 1001 *et seq.*, as amended.

36. As a result of the breach of fiduciary duties by the defendants, John and Sue have suffered loss of medical coverage and have incurred unreimbursed medical expenses, and Sue has suffered a loss of continuous health coverage which results in her not being able to obtain individual health insurance free of preexisting conditions and without evidence of insurability.

37. All of these injuries were directly and proximately caused by Rock-Tenn and HR

XCEL's wrongful conduct.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Rock-Tenn and HR XCEL, jointly and severally, as follows:

A. Declaratory relief finding that the conduct of Rock-Tenn and HR XCEL as described above is violative of John's rights as secured by 29 U.S.C. Sections 1001 et. seq. and 1132(a)(1)(B).

B. Reimbursement and payment of the medical expenses and benefits as described above.

C. Reinstatement of medical insurance coverage for the remaining period due under COBRA.

D. The award of interests, costs, penalties and expenses of prosecuting this action including a reasonable attorney's fees.

E. Such other, further and more special relief as this Court may deem necessary and appropriate under these circumstances.

                                                  RESPECTFULLY SUBMITTED,

                                                  s/ G. Daniel Evans
                                                  G. Daniel Evans
                                                  ASB-1661-N76G
                                                  Attorney for the Plaintiff
                                                  The Evans Law Firm, P.C.
                                                  1736 Oxmoor Road, Suite 101
                                                  Birmingham, Alabama 35209
                                                  Telephone:  (205) 870-1970
                                                  Fax: (205) 870-7763
                                                  E-Mail: gdevans@evanslawpc.com

                                                  s/ Alexandria Parrish
                                                  Alexandria Parrish
                                                  ASB-2477D66P

Attorney for the Plaintiff<br>
The Evans Law Firm, P.C.<br>
1736 Oxmoor Road, Suite 101<br>
Birmingham, Alabama 35209<br>
Telephone: (205) 870-1970<br>
Fax: (205) 870-7763<br>
E-Mail: ap@evanslawpc.com

**Plaintiffs' address:**

c/o The Evans Law Firm, P.C.

**Defendants' address**es:

Rock-Tenn Converting Company, Inc;       **PLEASE SERVE BY CERTIFIED MAIL**
F/K/A Rock-Tenn Company
c/o NATIONAL REGISTERED AGENTS, INC.
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

HR XCEL, LLC       **PLEASE SERVE BY CERTIFIED MAIL**
c/o TYRON BUSINESS SERVICES, INC.
P.O. BOX 31247
Charlotte, NC 28231

UNITED STATES ATTORNEY GENERAL       **PLEASE SERVE BY CERTIFIED MAIL**
FOR THE SOUTHERN DISTRICT OF ALABAMA
63 South Royal Street, Suite 600
Mobile, Alabama 36602

ATTORNEY GENERAL OF THE UNITED STATES   **PLEASE SERVE BY CERTIFIED MAIL**
U.S. Department of Justice
Room B-103
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

SECRETARY OF LABOR       **PLEASE SERVE BY CERTIFIED MAIL**
200 Constitution Avenue, NW
Room No. South 2018
Washington, DC 20210

SECRETARY OF THE TREASURY       **PLEASE SERVE BY CERTIFIED MAIL**
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220