# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JOHN WALKER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 09-0720-WS-B |
| ROCK-TENN CONVERTING COMPANY, INC., etc., et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the defendants' motions to dismiss. (Docs. 15, 17). The parties have filed briefs in support of their respective positions, (Docs. 16, 18, 21, 22, 27, 29), and the motions are ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motions to dismiss are due to be granted.

## BACKGROUND

According to the complaint, plaintiff John Walker was an employee of defendant Rock-Tenn Converting Company ("Rock-Tenn"). While employed there, John and his wife, co-plaintiff Sue Walker, had health insurance through Rock-Tenn's group health care plan. John suffered a non-work related disabling injury in June 2006, of which Rock-Tenn was aware. He was terminated a year later, in June 2007, due to his disabling injury. (Doc. 1 at 2-3).

The plaintiffs sought and obtained continuation coverage under COBRA. The 18-month continuation period expired in December 2008, but in January and February 2009 the insurer accepted their monthly premium. Shortly thereafter, Sue had surgery for breast cancer, and a week later the insurer returned the February premium. On February

24, defendant HR XCEL, LLC ("XCEL"), the plan administrator, notified the plaintiffs in writing that their benefits terminated on December 31, 2008. On March 2, John notified XCEL in writing that he wanted to continue COBRA benefits. He received no response until March 24, when he was informed that XCEL had denied continuation of health coverage. By this date, the 63-day period during which the plaintiffs could have obtained individual medical insurance free of preexisting conditions and without proof of insurability had expired. The defendants have refused to pay for Sue's cancer treatment. (Doc. 1 at 2, 3-5).

The single count of the complaint alleges that the defendants breached their fiduciary duties as imposed by ERISA, resulting in loss of medical coverage, unreimbursed medical expenses, and inability to obtain individual coverage free of preexisting conditions and evidence of insurability. The plaintiffs request relief consisting of: a declaration that the defendants' conduct violated their ERISA rights under 29 U.S.C. §§ 1101 et seq. and 1132(a)(1)(B); reimbursement of incurred expenses and payment of other benefits; reinstatement of medical coverage for the remaining period due under COBRA; and interest, penalties, costs and fees. (Doc. 1 at 5-6).

## DISCUSSION

Continuation coverage under COBRA ordinarily lasts 18 months. Under certain circumstances, it can be extended to 29 months. This 11-month supplemental period is at issue here.

One of the circumstances that can support the additional 11 months of coverage is a determination by the Social Security Administration ("Social Security") that the qualified beneficiary was disabled as of his termination or within 60 days thereafter. 11 U.S.C. § 1162(2)(A)(v). The plaintiffs rely on this circumstance as entitling them to extended continuation coverage, (Doc. 21 at 3), and the complaint expressly alleges that "John's disability was determined under Social Security to occur as of June 20, 2006."

(Doc. 1, ¶ 13).

So far, so good. However, the additional 11 months of continuation coverage is available "only if the qualified beneficiary has provided notice of such determination under section 1166(3) of this title before the end of such 18 months." 11 U.S.C. § 1162(2)(A)(v). Section 1166(3) provides that "each qualified beneficiary ... is responsible for notifying the plan administrator of such [Social Security disability] determination within 60 days after the date of the determination ...." *Id*. § 1166(3).

The defendants cite several decisions unsurprisingly concluding that, absent timely notice in compliance with these provisions, a plaintiff's claim must fail. In *Marsh v. Omaha Printing Co.*, 218 F.3d 854 (8th Cir. 2000), the Court held that "[t]o be eligible for an eleven-month extension, ... Marsh also had to inform [the administrator] of the disability determination within the initial eighteen-month extension period." *Id*. at 855. The plaintiff did not "provide [the administrator] with the required, timely notice, so his claim was properly dismissed." *Id*. at 856. The trial judge in *Marsh* similarly observed that "[f]ailure to fulfill the dual notice requirements is fatal to the plaintiff's claims for recovery." *Marsh v. Omaha Printing Co.*, 80 F. Supp. 2d 1043, 1046 (D. Neb. 1999), *aff'd*, 218 F.3d 854 (8th Cir. 2000). In *Wright v. Anthem Life Insurance Co.*, 2000 WL 870807 (N.D. Miss. 2000), the Court concluded that, because the plaintiff "failed to adduce any evidence which tends to establish that he provided ... notice of his disability within the period contemplated by the Act - therefore, he is ineligible for the eleven months continuation coverage extended to disabled individuals." *Id*. at *9. The Eleventh Circuit itself has noted that, "[i]f the plan administrator was provided such notice within eighteen months of the event qualifying the beneficiary for COBRA coverage, then the period of COBRA coverage would be twenty-nine months after the date of discharge." *Meadows ex rel. Meadows v. Cagle's Inc*., 954 F.2d 686, 693 n.9 (11th Cir. 1992).

The plaintiffs argue that *Marsh* and *Meadows* are distinguishable. (Doc. 22 at 2-3). While the factual setting of each may differ from the present one, the legal

pronouncement of these two appellate courts applies regardless of such differences: a plaintiff must establish compliance with the statutory notice requirements or else lose his case. Thus, in order to obtain the additional 11 months of continuation coverage, John was required to provide notice to XCEL of his Social Security disability determination (1) within 60 days after Social Security made the determination and (2) before the end of the original continuation coverage period in December 2008. Without such notice, the plaintiffs' claim fails as a matter of law.

A complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. "We have held that a Complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Corbitt v. Home Depot U.S.A., Inc.*, 589 F.3d 1136, 1170 (11th Cir. 2009) (internal quotes omitted). "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

"A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "The mere possibility that the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id*. at 1261. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotes omitted).

The defendants argue that the complaint fails to comply with these pleading requirements, and they are plainly correct. As noted, the plaintiffs must establish timely notice to XCEL in order to prevail, yet the complaint does not allege timely notice. Its only reference to such notice is that, "[o]n or about March 2, 2009, John ... sent additional formal notice of disability which he had obtained through Social Security." (Doc. 1, ¶ 27). Because notice had to be submitted by December 31, 2008 (or earlier, if the Social Security determination preceded November 1, 2008), this allegation does not reflect timely notice.

It is true that the allegation describes the March 2 communication as "additional" notice. Generously construed, the complaint thus alleges a prior notice of the Social Security determination. However, nothing in the complaint states or suggests that any such prior statutory notice occurred in 2008 or that it occurred within 60 days of the Social Security determination (the date of which is unstated). The allegation of prior notice is thus merely consistent with timely notice and therefore insufficient to demonstrate the plausibility of timely notice. The plaintiffs do not argue otherwise.

The plaintiffs point out that the complaint alleges Rock-Tenn knew of John's disabling injury from the time it occurred. (Doc. 21 at 3). That it does, but notice to the employer of John's disabling injury is not relevant to notice to the administrator that Social Security determined John to be disabled, much less to timely notice.

The plaintiffs also note that the complaint references various communications by them to XCEL. (Doc. 21 at 4). Right again, but the first such communication was March 2, 2009, (Doc. 1, ¶ 27), and thus too late to assist them.

Next, the plaintiffs argue that the defendants' inclusion of the summary plan description and other documents with their motions to dismiss requires that the motions be converted to motions for summary judgment, and they continue that summary judgment is premature prior to discovery. (Doc. 21 at 5-6). However, "[a] judge need not convert a motion to dismiss into a motion for summary judgment [under Rule 12(d)] as

long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them — there is no more formal step required." *E.g., Harvey v. Lawrence County*, ___ F.3d ___, 2010 WL 21179 at *2 (11th Cir. 2010). The Court has not considered the summary plan description or any other submitted documents, because the plaintiffs' failure to allege compliance with the statutory notice requirements is sufficient to require dismissal. The motions to dismiss therefore have not been transformed into motions for summary judgment.[1]

The plaintiffs suggest they asserted another claim in the complaint, which the motions to dismiss ignore: that the defendants breached a fiduciary duty by failing to inform the plaintiffs as soon as reasonably possible that their COBRA coverage would end in December 2008. (Doc. 21 at 4-5, 10-11; Doc. 22 at 5-6, 8-9). Whether or not facts supporting such a claim appear in the complaint, it alleges neither the existence of such a duty nor its breach and therefore asserts no such claim.

Finally, the plaintiffs seek an opportunity to conduct discovery as to whether XCEL is a fiduciary as alleged in the complaint. (Doc. 21 at 6-10). XCEL's motion to dismiss raised, as an alternate ground for dismissal, that it is not a fiduciary. Because, as discussed above, the defendants are entitled to dismissal regardless of whether XCEL is a fiduciary, the Court need not consider its alternate ground for dismissal, and the plaintiffs' request for discovery to counter that ground cannot delay dismissal.

## CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is **granted**. This

---

[1] The plaintiffs' motion for the allowance of discovery pursuant to Rule 56(f), (Doc. 23), which could be viable only in the context of a motion for summary judgment, is thus **denied**.

action is **dismissed without prejudice**.[2]

DONE and ORDERED this 11th day of February, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] Rock-Tenn moves for dismissal with prejudice, (Doc. 17 at 1), but it does not explain why such a dismissal would be appropriate. Because the plaintiffs indicate they have another claim they could assert, and because Rock-Tenn has not articulated a basis for dismissal with prejudice, dismissal will be without prejudice.